UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RENEE DYCE,

                Plaintiff,

      -against-

DR. SERGE KHELEMSKY, D.O.,

                Defendant.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
23-CV-06709 (PKC) (SJB)

PAMELA K. CHEN, United States District Judge.

Plaintiff Renee Dyce brings this *pro se* action under the Court's federal question jurisdiction, alleging that Defendant Dr. Serge Khelemsky committed medical malpractice. By Order dated August 30, 2023, the United States District Court for the Southern District of New York transferred this action to this Court. For the reasons stated below, Plaintiff is granted permission to proceed *in forma pauperis* ("IFP"), and the action is dismissed without prejudice for lack of subject matter jurisdiction.

**STANDARD OF REVIEW**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also*

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## DISCUSSION

The allegations contained in Plaintiff's complaint are exceedingly brief. She simply states: "refusal of standard of care to client violation of professional conduct, and procedures." (Dkt. 1, at 5.) It is unclear what Defendant's alleged conduct (or failure) was and what relief, if any, Plaintiff is seeking.

The subject matter jurisdiction of the federal courts is limited. If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (holding that a district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

According to the Complaint, the basis for subject matter jurisdiction is federal question jurisdiction, which provides federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*,

2

593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331).  A case properly invokes federal question jurisdiction when federal law creates the plaintiff's cause of action or when "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Bracey v. Bd. of Educ. of City of Bridgeport,* 368 F.3d 108, 113 (2d Cir. 2004) (internal quotation marks and citation omitted).  Plaintiff's Complaint attempts to invoke this Court's jurisdiction pursuant to § 1331, but does not allege any "colorable claim" arising under the Constitution or federal laws.  *Arbaugh v. Y& H Corp.*, 546 U.S. 500, 513 (2006).  Merely invoking federal question jurisdiction, without more, is clearly insufficient to confer subject matter jurisdiction.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (a federal court lacks jurisdiction over a federal claim that "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous.").

Even construing Plaintiff's allegations to "raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)), the complaint does not suggest any basis for this Court's exercise of subject matter jurisdiction.  The Plaintiff's claim for medical malpractice arises under state law, not federal law.  *See, e.g., H.B. v. Brookdale Hosp.*, No. 22-CV-5136 (LDH), 2022 WL 17539117, at *1 (E.D.N.Y. Dec. 8, 2022) (noting that medical malpractice is a claim that arises under state law); *Brock v. Vassar Bros. Med. Ctr.*, No. 22-CV-9342 (LTS), 2022 WL 17252025, at *2 (S.D.N.Y. Nov. 28, 2022); *Moore v. Brooklyn Hosp. Ctr.,* No. 22-CV-04208 (KAM), 2022 WL 16798230, at *2 (E.D.N.Y. Nov. 8, 2022).  Because the Court does not have federal-question jurisdiction, it can only adjudicate this claim if it has diversity jurisdiction.

Although Plaintiff does not invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332, the Court also assesses whether this action lies in diversity.  It does not.  Under § 1332, federal courts

have subject matter jurisdiction over claims when the plaintiff and defendants are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N. Y. Branch v. Aladdin Capital Mgmt. LLC,* 692 F.3d 42, 48 (2d Cir. 2012). The party asserting diversity jurisdiction bears the burden of proving it exists by a preponderance of the evidence. *Aurecchione v. Schoolman Transp. Sys., Inc.,* 426 F.3d 635, 638 (2d Cir. 2005); *Finnegan v. Long Island Power Auth.*, No. 17-CV-4424 (SJF) (ARL), 2019 WL 4467559, at *3 (E.D.N.Y. Sept. 18, 2019). Plaintiff alleges that she resides in Brooklyn, New York, and that Dr. Khelemsky committed medical malpractice in his office, which is also located in Brooklyn, New York. Because all parties to the action are citizens of New York, diversity of citizenship is lacking, and the requirements of 28 U.S.C. § 1332 are not met. *See, e.g.*, *Nimham-El-Dey v. Health and Hosps.*, No. 21-CV-8238 (LTS), 2021 WL 5166385, at *4 (S.D.N.Y. Nov. 5, 2021) (noting that the plaintiff asserts state law claims of medical malpractice, but he does not allege facts demonstrating that the Court has diversity jurisdiction to consider those claims). Without a basis to support this Court's subject matter jurisdiction, Plaintiff's complaint must be dismissed. *See* Fed. R. Civ P. 12 (h)(3).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

The Clerk of Court is respectfully directed to enter judgment, mail a copy of this Memorandum and Order to the *pro se* Plaintiff, and note the mailing on the docket.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: September 13, 2023
      Brooklyn, New York